[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 29, 1996
This is an action by plaintiff Sanwa Leasing Corporation of Birmingham, Michigan against the defendants, Marsha Taylor and Erica Krpata of Bristol, Connecticut, to enforce and recover a judgment entered against them in the Michigan District Court for the 52-3 Judicial District, Rochester Hills, Michigan, on February 23, 1993. The total amount of the judgment, which remains wholly unsatisfied to this date, is $7010.18, including $6828.18 in damages and $182.00 in costs.
Defendant Taylor has been defaulted in this case for failure to appear. Upon the entering of the default, the plaintiff claimed this case for a hearing in damages as to defendant Taylor only.
The two questions here presented for decision are as follows: first, what statutory interest is the plaintiff entitled to recover from defendant Taylor under Michigan law; and second, after the plaintiffs Michigan judgment is reduced to an enforceable Connecticut judgment, should post judgment interest on that judgment be calculated under Michigan or Connecticut law?
 I
The Michigan statute controlling interest on Michigan judgments is Michigan Compiled Laws § 600.6013(6), which is also codified as Michigan Statutes Annotated § 27A.06013(6). Under that statute, interest is recoverable as of right from the date of the filing of the complaint. The statute provides that interest is to be calculated on the entire amount of the judgment, including interest and costs, and is to be compounded annually. CT Page 5165
The rate of interest on a Michigan judgment changes every six months, on the first days of January and July of each year. The formula for determining the interest rate is as follows: "1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer[.]" Id.
For the convenience of Michigan courts, lawyers and litigants, these rates, so determined, are regularly published in the Michigan Bar Journal.
The complaint in this plaintiffs Michigan action was filed on September 28, 1992. Therefore, it is entitled to interest on the entire amount of its underlying judgment from that date.
Based on the interest rates published in the Michigan Bar Journal, as supplied to the Court by plaintiffs Connecticut counsel, the rate applicable to plaintiffs $7010.18 Michigan judgment, and the resulting interest due thereon, are as follows:
amount of
principal plus interest rate:
accumulating accumulated Interest
date: interest: Period rate in Period
9/28/92 $7010.18 9/28-12/31/92 7.68% $138.27
12/31/92 $7010.18 1/1-6/30/93 6.797% $238.24
6/30/93 $7010.18 7/1-12/31/93 6.313% $221.28
12/31/93 $7607.97 1/1-6/30/94 6.025% $229.19
6/30/94 $7607.97 7/1-12/31/94 7.1289% $271.15
12/31/94 $8108.31 1/1-6/30/95 8.38% $339.74
6/30/95 $8108.31 7/1-12/31/95 7.813% $316.75
12/31/95 $8764.80 1/1-6/30/96 6.953% $304.71
6/30/96 $8764.80 7/1-12/31/96 not avail. CT Page 5166
Total accumulated Interest: $2059.33
The total interest due the plaintiff from September 28, 1992 through and including June 30, 1996, the last day for which rate information was supplied, is $2059.33. Interest compounding was computed by adding to the original Michigan judgment simple interest through December 31, 1993, then adding the accumulated interest to the judgment each January 1 thereafter.
In conclusion, the plaintiff is now entitled to judgment against defendant Marsha Taylor in the amount of $9069.51 plus costs of $241.70.
 II
Though the basis for entering the instant judgement is the defendant's failure to satisfy an outstanding Michigan judgment, the instant judgment is a free-standing Connecticut judgment which must be enforced under Connecticut law. Therefore, although interest will doubtless continue to accrue on the plaintiff's Michigan judgment under the above-described Michigan statutory formula, post judgment interest on this separate Connecticut judgment, if any, must be calculated under Connecticut law.
SHELDON, J.